IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILLYJOEL NELSON, | Civil Action |
| Plaintiff, | No.   2:21-cv-1074 |
| v. | |
| KLINGENSMITH, INC. d/b/a AHN HOME MEDICAL EQUIPMENT, | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL COMPLAINT

Plaintiff, Billyjoel Nelson, by undersigned counsel, files this Civil Complaint, and in support states the following.

### I. Jurisdiction and Administrative Exhaustion

1. Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. Plaintiff has exhausted the administrative remedies set forth under the Americans with Disabilities Act ("ADA") as follows:

    a. On January 4, 2021, he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation, and cross-filed with the Pennsylvania Human Relations Commission;

    b. On August 6, 2021, the EEOC issued a Notice of Right to Sue; and

    c. Plaintiff filed this action within 90 days of receipt of that Notice.

### II. Parties

3. Plaintiff, Billyjoel Nelson, is an adult individual who resides in Slickville, Pennsylvania.

4. Defendant, Klingensmith, Inc. d/b/a AHN Home Medical Equipment, is a corporation with a principal place of business located at 404 Ford Street, Ford City, Pennsylvania 16226.

5. In 2020, Defendant employed at least 15 employees in at least 20 years of the calendar year.

6. Defendant employed at least 50 employees within 75 miles of Plaintiff's work location of 465 Napor Blvd., Pittsburgh, Pennsylvania 15205.

### III. Factual Background

7. Mr. Nelson worked for Defendant from November 2018 to December 2020. His position was Service Coordinator.

8. In March 2020, Defendant changed the Service Coordinator position to a work from home position due to the COVID-19 pandemic.

9. In December 2020, Defendant informed Mr. Nelson and other Service Coordinators that they would need to return to work in the office at least one week per month.

10. Mr. Nelson suffered from a long-term injury to his ankle, which substantially limited him in walking, particularly without mitigating measures.

11. On December 9, 2020, Mr. Nelson requested leave under the Family and Medical Leave Act (FMLA) to have, and to recover from, surgery on his ankle.

12. Mr. Nelson would have been able to return to work remotely within days of having the surgery, but would thereafter need to work from home while recuperating from the surgery.

13. Mr. Nelson also suffers from severe asthma, which substantially limits him in breathing.

14. Mr. Nelson's asthma condition placed him at greater risk of complications, up to

and including death, if he were to contract COVID-19.

15. On December 11, 2020, Mr. Nelson provided Defendant a letter from his doctor stating that he had a medical condition that made it potentially life-threatening to work around others during the pandemic, and requesting that he be allowed to work remotely until April 1, 2021.

16. On December 14, 2020—three days after he requested to work from home and five days after he requested FMLA leave—Defendant fired Mr. Nelson.

17. Defendant claimed to have fired Mr. Nelson for missing phone calls from Defendant's Vice President of Operations, Susan Cloonan, after his shift had ended, and/or for failing to return those phone calls within thirty minutes.

18. However, Defendant fired Mr. Nelson via email before Ms. Cloonan or any other employee of Defendant tried to call him.

19. Specifically, Human Resources Manager Jodi Troutman sent Mr. Nelson an email informing him of his termination on December 14, 2020 at 3:48 pm.

20. Upon information and belief, the first time Defendant attempted to call Mr. Nelson after his December 14 shift was at 3:50 pm.

21. Moreover, Defendant has no policy or practice of firing employees who miss calls after their work shift has ended and/or fail to return said calls within thirty minutes.

22. As such, Defendant's stated reason for firing Mr. Nelson is pretextual.

## COUNT I
## ADA: DISCRIMINATION

23. Plaintiff incorporates the allegations of Paragraphs 1 through 22 as if fully restated.

24. Plaintiff was an individual with a disability because he suffered from impairments that substantially limited him in major life activities, including breathing and walking.

25. Plaintiff was able to perform the essential functions of his position, with or without reasonable accommodation.

26. Thus, Plaintiff was a qualified individual with a disability.

27. Defendant fired Plaintiff because of his actual or perceived disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).

28. Defendant failed to make reasonable accommodations to Plaintiff's disability, in violation of 42 U.S.C. § 12112(b)(5)(A).

29. Defendant fired Plaintiff based on the need to make a reasonable accommodation in the future, in violation of 42 U.S.C. § 12112(b)(5)(B).

30. Defendant's violations of the ADA were undertaken with malice or reckless disregard of Plaintiff's rights under the ADA.

31. As a direct and proximate result of Defendant's discharge of Plaintiff, he has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

## COUNT II
## ADA: RETALIATION

32. Plaintiff incorporates the allegations of Paragraphs 1 through 31 as if fully restated.

33. Defendant fired Plaintiff because he exercised the right to request a reasonable accommodation, in violation of 42 U.S.C. § 12203(b).

34. Defendant's violations of the ADA were undertaken with malice or reckless disregard of Plaintiff's rights under the ADA.

35. As a direct and proximate result of Defendant's discharge of Plaintiff, he has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

## COUNT III
## FMLA: INTERFERENCE

36. Plaintiff incorporates the allegations of Paragraphs 1 through 35 as if fully restated.

37. Plaintiff worked for Defendant for more than 1250 hours in the twelve months preceding his termination, and as such, was an eligible employee under the FMLA.

38. Plaintiff's ankle injury and need for surgery constituted a serious health condition within the meaning of the FMLA.

39. Defendant had notice of Plaintiff's need for FMLA leave.

40. Nonetheless, Defendant denied Plaintiff the right to take FMLA leave.

41. Defendant's denial of leave constitutes FMLA interference, in violation of 29 U.S.C. § 2612(a)(1).

42. Defendant's violation of the FMLA was not in good faith and with reasonable grounds to believe its acts were not in violation of the FMLA.

43. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages, including lost wages and benefits.

## COUNT IV
## FMLA: RETALIATION

44. Plaintiff incorporates the allegations of Paragraphs 1 through 42 as if fully restated.

45. Defendant fired Plaintiff because he exercised or attempted to exercise his FMLA rights, in violation of 29 U.S.C. § 2612(a)(1) and 29 C.F.R. § 825.220(c).

46. Defendant's violation of the FMLA was not in good faith and with reasonable grounds to believe its acts were not in violation of the FMLA.

47. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages, including lost wages and benefits.

WHEREFORE, Plaintiff demands judgment against Defendant and requests that the Court order the following relief:

a. Defendant shall reinstate Plaintiff into the position he held, together with all benefits incident thereto, including, but not limited to wages, commissions, stock units, fringe benefits, training and seniority; or shall provide Plaintiff with front pay in the event reinstatement is not feasible;

b. Defendant shall compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied;

c. Defendant shall compensate Plaintiff for lost benefits, including profit sharing, stock options and/or pension benefits until Plaintiff's normal retirement date;

d. Defendant shall pay Plaintiff compensatory damages for emotional distress, humiliation, inconvenience, and like injuries under Counts I and II;

e. Defendant shall pay Plaintiff punitive damages to punish Defendant and deter like conduct under Counts I and II;

f. Defendant shall pay Plaintiff liquidated damages in an amount equal to the amount of lost wages and benefits under Counts III and IV;

g. Defendant shall be enjoined from discriminating against Plaintiff in any manner that violates the ADA and FMLA;

h. Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i. Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157

100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-836

Attorney for Plaintiff